**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00633-CJC-KESx                                  Date:  January 22, 2018

Title: OPUS BANK v. DONIKA SCHNELL, et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     **Order To Third-Party James Allan, LLC To Show Cause re Sealing of Documents Designated Confidential (Dkt. 71)**

On January 11, 2018, Plaintiff Opus Bank ("Opus") filed a motion to compel third-party James Allan, LLC ("James Allan") to provide further discovery responses and documents (the "Motion"). (Dkts. 69, 70.) On that same date, Opus also requested leave to file certain documents relating to the Motion under seal. (Dkt. 71.) Included among them were Exhibits 13, 15, 16, and 17 to the Declaration of Jessica Mendelson supporting the Motion (the "Subject Exhibits"). (Id. at 3.) According to Opus, James Allan designated each of the Subject Exhibits confidential under a stipulated protective order. (Id.; Dkt. 60 [joint stipulated protective order].) Opus "believes these documents do not contain confidential information," but seeks leave to file them under seal pursuant to their confidential designation and the protective order. (Dkt. 71 at 3-4.)

"That … information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal[.]" Local Rule 79-5.2.2(a)(i). Consistent with Local Rule 79-5.2.2(b), Opus gave James Allan notice of its sealing application and an opportunity to demonstrate that the Subject Exhibits should be sealed. (Dkts. 71; 74 [proof of service of sealing application on counsel for James Allan by U.S. mail and e-mail].) Under the Local Rules, James Allan had four days to respond to the sealing application by filing a declaration "establishing that all or part of the designated material is sealable, by showing good cause … why the strong presumption of public access in civil cases should be overcome, with citations to the applicable

legal standard." Local Rule 79-5.2.2(b)(i). As of the date of this order, James Allan has not filed such a declaration.

The Court therefore ORDERS that <u>on or before January 29, 2018</u>, James Allan shall show cause in writing why Opus's application to seal should not be denied as to the Subject Exhibits. Opus shall promptly serve a copy of this Order on counsel for James Allan by e-mail and mail. James Allan's failure to timely respond to this Order will result in the Subject Exhibits being filed in the public record. <u>See</u> Local Rule 79-5.2.2(b)(i) ("Failure to file a declaration or other required document may be deemed sufficient grounds for denying the Application.").

Initials of Deputy Clerk <u>JD</u>